UNITED STATES of America, Plaintiff,

v.

Glen Martin HELLER, Defendant.

Civ. A. No. 79–1153–MA.

United States District Court,
D. Massachusetts.

Dec. 29, 1981.

Gregory C. Flynn, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Steven Brody, Boston, Mass., for defendant.

MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action for declarative and injunctive relief. The complaint charges in two counts [1] that the defendant violated the Mandatory Petroleum Price Regulations (Regulations) issued by the Department of Energy (DOE) pursuant to the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 *et seq.* The Regulations limited the price that the defendant lawfully could have charged for the gasoline he sold at his gas station, Beacon Hill Gulf.

The United States has moved for summary judgment, asserting that the pleadings, including affidavits and attached audit workpapers, show clearly there is no genuine issue as to any material fact. Fed.R. Civ.P. 56.

The preliminary questions of fact are easily resolved. The defendant has admitted that he was a retailer as defined by the Regulations and was covered by the price rule cited by the plaintiff. 10 C.F.R. 212.-93(a)(2). He has also admitted the cost of gasoline he purchased and his actual selling price.

With those admitted facts, all that is required is the computation of the overcharges. That computation begins with the calculation of the acquisition cost pursuant to the formula prescribed in 10 C.F.R. 212.-92 and adding the allowable margin to determine the maximum selling price. The overcharge was then determined by the amount by which the defendant's selling price exceeded the permissible maximum selling price and applied to the number of gallons sold at the excessive price.

The above calculations, performed by an auditor of the DOE and attached to the motion for summary judgment, were not controverted in any respect by the defendant. The overcharges by the defendant during the period subsequent from August 1, 1979 to December 1, 1979 were $11,359.47.

_____

1. Count 1 alleges price overcharges according to Regulations in existence prior to an August 1, 1979 amendment. That count has been dismissed by stipulation of the parties. Count 2 alleges violations of the Regulations subsequent to August 1, 1979.

A supplemental affidavit, also undisputed by the defendant, shows that the defendant refunded $4,781.71 to the market, leaving a balance of $6,577.76 to be refunded as part of the relief sought in this case.

■ The arguments opposing summary judgment are not persuasive. There are no factual disputes asserted. Rather, the defendant says this motion is premature because of a pending petition for relief before the DOE. That petition seeks the award of very substantial legal and audit costs incurred as a result of the many actions, both civil and criminal, in which the defendant has been and is involved as a result of his gasoline pricing practices.

I express no opinion on the outcome of that appeal, but, even if successful, would not alter the result in this case. The defendant has not asserted any defense to the factual allegation in Count 2, nor has he disputed the computations. While a final accounting between the DOE and defendant may rest on the disposition of that petition, a decision on this motion need not be delayed on its account.

■ The defendant next contends that the Regulations, as applied to the defendant, create an irrational distinction in its classification of purchases by its definition of acquisition costs. However, the definition of acquisition cost as set out in 10 C.F.R. 212.92 provides a simplified method to determine the maximum selling price of gasoline by assuming a weighted average cost in the event that inventoried gasoline purchased from different sources. Even if the application of the rule puts the defendant in a somewhat different position, there is no showing that the regulation is unreasonable and unfair, or that it is unnecessary to accomplish the purposes which Congress has in mind. *Bowles, Price Administrator v. Willingham*, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892 (1944). Moreover, if the regulation created an extreme hardship to the defendant, he could have applied for an exception to its application. 10 C.F.R. § 205 (Subpart D).

■ Finally, the defendant submits that the Regulations were not lawfully promulgated until after the period involved here. An examination of the record reveals DOE made the requisite findings that allowed a waiver of the procedural requirements of the Department of Energy Organization Act, 42 U.S.C. § 7101 *et seq.* (1980 Supp.). The Regulations were promulgated in response to the Congressional mandate to maintain fair and reasonable consumer prices for petroleum products and to prevent unreasonable profits within the energy industry. Federal Energy Administration Act of 1974 § 2(a), 15 U.S.C. § 761(a). P.L. 93–275 (May 7, 1974). The DOE acted in this instance to prevent disruption and imbalance in the supply and distribution of motor gasoline which could result from the extreme price differentials among refiners', reseller-retailers' and retailers' maximum selling price at the retail level under the old rules. The DOE also recognized the need to act immediately if the foreseeable inflationary impact and price distortions were to be minimized. These concerns were sufficiently supported by the prior experience and were specifically expressed to allow the waiver of the procedural requirements.

### Conclusion

In accordance with the above, the United States is entitled to summary judgment.

■ In addition, violators of the price regulations are also subject to the penalty provisions of 15 U.S.C. 754(a)(3)(A). Under the circumstances of this case, a penalty of 25% of the overcharge and interest is appropriate. While the defendant has contested his liability in this and other cases, in a somewhat creative and imaginative and always ingenuous manner, he has refunded a substantial amount to the market.

Judgment will be entered for the United States in the amount of the overcharge of $6,577.76 and interest thereon. There is also imposed a civil penalty of 25% of the overcharge and interest. Because, under the present system, refund of overcharges to specific customers is impracticable, the defendant is ordered to make payment to

the Office of Enforcement of the Department of Energy for inclusion in its escrow refund account.

SO ORDERED.